## Young v. Young

B. A. Hoffman, for Commonwealth.

Brosius & Brosius, for First National Bank of Reynoldsville and Naomi Bantly.

Pentz & Pentz, for United States Fidelity and Guaranty Company.

DARR, P. J., April 30, 1932.—This case comes before us on appeal from the report of Alex S. Scribner, auditor. The facts are as follows: The defendant, D. H. Young, owned certain real estate in Reynoldsville, Jefferson County, Pa., against which there were several judgments, the only ones which will be considered here being those of the First National Bank of Reynoldsville and Naomi Bantly, and a lien of the Commonwealth of Pennsylvania for unpaid liquid fuel taxes. On October 28, 1930, J. V. Young, this plaintiff, issued an execution on his judgment and the land of the defendant was sold thereunder to the said Naomi Bantly for the sum of $20,013.92, on which bid the purchaser paid only $1088.67, which was applied to payment of costs and borough taxes. The sheriff made a return, setting forth the sale, the amount of the bid and the amount of cash paid in. An agreement was entered into between the attorneys for the First National Bank, Naomi Bantly and the Commonwealth, which was made part of the sheriff's return. The agreement recites a guaranty by the First National Bank, the appellant, and Naomi Bantly to pay to the sheriff "the sum

of $1093.73, gasoline tax alleged to be due the Commonwealth of Pennsylvania, should it be a preferred lien and payment of the balance of the bid price, to wit, $17,832.52." The agreement further provides that this guaranty shall continue and "remain in effect until the question of priority is decided, and should the court decide the same [lien of the Commonwealth] to have priority to immediately pay the same to the Sheriff of Jefferson County."

This agreement is binding on the sheriff and the parties to it, and whether it is void as to the Commonwealth is immaterial, inasmuch as the Commonwealth merely consented to the continuance of the guaranty, but did not either expressly or impliedly release its right to resort to the sheriff for the payment of the tax in case the same was decided to be a prior lien.

Exceptions were filed to the sheriff's return and passed upon by the auditor, whose report was excepted to and recommitted, and the exceptions thereto overruled.

The lien of the Commonwealth for unpaid liquid fuel tax was filed after the entry of the judgments of both the bank and Naomi Bantly. The prime, and perhaps the only, question is whether the lien in favor of the State for unpaid liquid fuel tax is prior to the liens of the earlier judgments.

Section twelve of the Act of May 1, 1929, P. L. 1037, 72 PS § 2564, provides:

"All taxes collected by a dealer or consumer for the Commonwealth shall be considered a public account after being determined in the manner herein prescribed, and, as such, shall be a lien upon the franchises or property, both real and personal, of any dealer or consumer, after the same has been entered and indexed of record by the prothonotary of the county where the dealer's or consumer's franchises or property are situated."

Section 1401 of The Fiscal Code of April 9, 1929, P. L. 343, 72 PS § 1401, provides:

"All State taxes imposed under the authority of any law of this Commonwealth, now existing or that may hereafter be enacted, and unpaid bonus, interest, penalties, and all public accounts settled against any corporation, association, or person, shall be a first lien upon the franchises and property, both real and personal, of such corporation, association, or person, from the date of settlement, and whenever the franchises or property of a corporation, association, or person, shall be sold at a judicial sale, all taxes, interest, bonus, penalties, and public accounts, due the Commonwealth, shall first be allowed and paid out of the proceeds of such sale, before any judgment, mortgage, or any other claim or lien against such corporation, association, or person. . . ."

There seems to be no dispute but that the taxes were settled and the lien filed before the sale of the property, so that the claim of the Commonwealth would be a lien whether it dated from the time of settlement or from the time of filing of record.

The two statutes, read together, leave no doubt that The Liquid Fuels Tax Act makes such claim a lien and "a public account," and The Fiscal Code of 1929 gives it priority over all other liens.

And now, April 30, 1932, upon due consideration, the appeal is dismissed, and the first conclusion of law of the auditor is sustained, to wit:

"The second and third exceptions to the sheriff's return are sustained and the judgment of the Commonwealth of Pennsylvania at No. 106, October Term, 1930, against the defendant herein, sci. fa. issued to No. 114, October Term, 1930, in the sum of $1017.83, with interest from September 29, 1930, the date of entry, and costs, is a preferred lien and first to be paid out of the proceeds of the judicial sale in this case; costs of this proceeding first being paid."

From Raymond E. Brown, Brookville, Pa.